UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ER NEAR ME**<br>*Plaintiff,*<br><br>vs.<br><br>**AETNA HEALTH AND LIFE INSURANCE COMPANY**<br>*Defendant.* | § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>(Complaint filed in Justice Court, Precinct 1, Tarrant County, Texas<br>Cause No. JP01-22-SC00015364) |

## NOTICE OF REMOVAL

COMES NOW, Defendant, Aetna Health and Life Insurance Company, ("Aetna"), and files this Notice of Removal pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441 over matters arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). In support thereof, Aetna respectfully alleges the following:

### I. COMMENCEMENT AND SERVICE

1. On March 7, 2022, Plaintiff ER Near Me ("Plaintiff") filed suit against Aetna in the Justice Court, Precinct 1, Tarrant County, Texas, styled *ER Near Me v. Aetna Health and Life Insurance Company*, Cause No. JP01-22-SC00015364 ("Petition"). The Petition is attached hereto and marked as Exhibit "1."

2. On March 14, 2022, Plaintiff served Aetna's agent for service of process, with a copy of the Petition and Summons. The Summons is attached hereto and marked as Exhibit "2."

3. Aetna timely filed an Answer in the state court. Aetna's Answer to Plaintiff's Petition is attached hereto and marked as Exhibit "3."

4. Pursuant to LR CV-81.1, a copy of the Justice Court's docket sheet is attached hereto and marked Exhibit "4."

5. This Notice of Removal is timely filed within thirty days of the service of the Petition. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process triggers removal deadline).

## II.   GROUNDS FOR REMOVAL – FEDERAL QUESTION

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1441 over matters arising under ERISA.

7. Plaintiff is an out-of-network emergency room provider seeking to recover ERISA plan benefits allegedly due for the provision of emergency room services.

8. Plaintiff identified claim number ERWZKFNFM00 in the Petition. This claim corresponds to services covered by a health benefit policy sponsored by Lighting Resources, Inc. and governed by ERISA ("Plan"). (*See* Exhibit "5").

9. ERISA governs health care plans offered as employee health benefit plans, such as the Plan at issue. 29 U.S.C. § 1003(a); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Likewise, the enforcement of rights under the Plan is subject to and governed by ERISA. (29 U.S.C. § 1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Thus, ERISA preempts Plaintiff's purported state-law claim. Removal of such claims to federal court is proper because they arise under federal law. *Taylor*, 481 U.S. at 58; *see also*, *Stuart v. Unum*, 217 F.3d 1145 (9th Cir. 2000).

10. Section 502(a)(1)(B) of ERISA provides that a claim may be brought by a participant in or beneficiary of an ERISA plan "to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B). If a plaintiff could have brought a claim under this provision and pleads a claim that implicates no other independent legal duty owed to the plaintiff by a defendant, the plaintiff's claim is completely

preempted under Section 502(a) of ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

11. "Artful pleading" will not defeat ERISA preemption.

### A. Plaintiff's Claim Could Have Been Brought Under ERISA § 502(a)(1)(B).

12. Plaintiff seeks recovery of benefits under an ERISA-governed health plan, which are claims that could have been filed as derivative claims for benefits. *Davila*, 542 U.S. at 211.

13. A claim such as Plaintiff's that seeks the payment of benefits under an ERISA-governed plan falls within the terms of ERISA § 502(a)(1)(B).

### B. Plaintiff Does Not State an Independent Legal Duty Owed by Aetna.

14. Plaintiff asserts a claim for breach of the ERISA-governed Plan. Plaintiff's allegations relate to the payment and administration of ERISA-governed health plan. There are no other legal duties implicated. *See Davila*, 542 U.S. at 213 (when potential liability arises only from administration of ERISA plan, ERISA preempts state law claims).

15. Accordingly, Plaintiff's sole cause of action for breach of contract refers exclusively to the ERISA-governed health Plan and alleged obligations arising under the Plan. Petition, Exhibit 1, pg. 1. Indeed, Plaintiff's claim involves an uncovered expense, which implicates a coverage determination under the ERISA Plan. (*See* Victor Decl., Exhibit "B"). Accordingly, it is completely preempted by ERISA. *See Innova Hosp. San Antonio, L.P. v. Humana Ins. Co.*, 25 F. Supp. 3d 951, 964 (W.D. Tex. 2014) (ERISA preempts claims implicating coverage under an ERISA plan when claim involves an uncovered expense); *see also Solomon v. Lincoln Nat'l Corp.*, No. 4:15-CV-02340, 2015 WL 12778801, *6–7 (S.D. Tex. Nov. 12, 2015) (ERISA completely preempts claims seeking recovery of ERISA plan benefits).

### III. MISCELLANEOUS REQUIREMENTS

16. Venue is appropriate in this federal district and division because the Petition was

originally filed in the Tarrant County Justice Court, Precinct 1. 28 U.S.C. §§ 84(c)(2), 1441(a).

17. Aetna is filing with this notice of removal, a civil cover sheet, supplemental civil case cover sheet, copies of all state court pleadings, and copy of the state court docket sheet. True and correct copies of the state court pleadings and orders are attached to this Notice of Removal and incorporated by reference.

18. Aetna will file with the state-court clerk and serve upon Plaintiff and all parties of record, a notice of the filing of this Notice of Removal.

## IV.   PRAYER

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and LR CV-81, Aetna files this Notice of Removal with the United States District Court for the Northern District of Texas seeking to remove this action from the Tarrant County Justice Court, Precinct 1.

DATED:   April 13, 2022.

> Respectfully submitted,
>
> THE HERMAN LAW FIRM
>
> By: */s/ Jonathan M. Herman*
>    Jonathan M. Herman (TX Bar No. 24052690)
>    Michael L. Hood (TX Bar No. 09943435)
>    Charles W. Hill (TX Bar No. 24063885)
>    1601 Elm Street, Suite 2002
>    Dallas, Texas 75201
>    Telephone: (214) 624-9805
>    Facsimile: (469) 383-3469
>    jherman@herman-lawfirm.com
>    mhood@herman-lawfirm.com
>    chill@herman-lawfirm.com
>
> *Counsel for Defendant Aetna Health, and Life Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that on April 13, 2022, a true and correct copy of *Defendant Aetna Health and Life Insurance Company's Notice of Removal* has been served upon Plaintiff via electronic mail as follows:

Mark H. Selz
8150 N. Central Expy.
Suite 1150
Dallas, TX 75206
(214) 549-5153
mselz@ernearme24.com

                           */s/Jonathan M. Herman*
                            Jonathan M. Herman